■ CB RICHARD ELLIS-BUFFALO, LLC, Appellant, v KUNVARJI HOTELS, INC., et al., Respondents. [942 NYS2d 825]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 21, 2011 in a breach of contract action. The order, inter alia, granted defendants' motion to dismiss plaintiff's complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a real estate broker, commenced this action seeking to recover the commission allegedly due for services it provided to defendants in connection with the lease of commercial real property by defendant Kunvarji Hotels, Inc. (KHI). Supreme Court properly granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion seeking partial summary judgment on liability with respect to the breach of contract and quantum meruit causes of action. Pursuant to CPLR 213, a six-year limitations period applies to the causes of action premised upon breach of contract (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402-403 [1993]), quantum meruit (*see Erdheim v Gelfman*, 303 AD2d 714, 714 [2003], *lv denied* 100 NY2d 514 [2003]), and unjust enrichment (*see Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429, 434 [2010]). Each of those causes of action accrued when plaintiff earned its commission, i.e., the date on which KHI and the tenant executed the lease agreement (*see Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830 [1987]; *Gronich & Co. v 649 Broadway Equities Co.*, 169 AD2d 600, 602 [1991]). The lease agreement was executed in January 2005 and the instant action was commenced more than six years later, on February 23, 2011. Thus, the causes of action at issue are time-barred.

The court properly denied plaintiff's cross motion on the further ground that issue had not been joined (*see* CPLR 3212 [a]; *Matter of Estate of Jason v Herdman*, 70 AD3d 1382 [2010]). Finally, we note that plaintiff has not raised any contention in its brief concerning the dismissal of the two remaining causes of action, and thus it has abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]). Present—Centra, J.P., Peradotto, Sconiers and Martoche, JJ.